**Wayne William O'BRIEN, Appellant,**

v.

**Anthony E. ROZMAN, United States Marshal, Appellee.**

No. 77–1042.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 23, 1977.

Decided May 3, 1977.

David I. Goldstein, Goldstein, Welber, Schwartz & Florey, Ann Arbor, Mich., for appellant.

Philip Van Dam, U. S. Atty., Detroit, Mich., John Patrick Conley, Asst. U. S. Atty., Flint, Mich., John E. Harris, Dept. of Justice, Government Regulations & Labor Sec., Crim. Div., Washington, D. C., for appellee.

Before WEICK, EDWARDS and ENGEL, Circuit Judges.

PER CURIAM.

This appeal is before a special panel of the court designated pursuant to Rule 3(e), Rules of the Sixth Circuit, for the purpose of considering a motion by the government for summary affirmance or in the alternative to expedite the appeal.

Appellant Wayne William O'Brien is presently in the custody of the United States Marshal in the Eastern District of Michigan. He is accused in Canada of having murdered one Michael Alexander Vasey in the vicinity of North Vancouver, British Columbia, on or about March 17, 1975. Upon formal request of the Canadian Government to arrest O'Brien and to return him to Canada for trial, a warrant was issued pursuant to 18 U.S.C. § 3184 by a judge of the United States District Court for the Eastern District of Michigan. Appellant O'Brien was apprehended and the matter referred to a United States Magistrate for an extradition hearing in according with that statute and the applicable extradition treaties existing between the United States and Canada.

At the extradition hearing held September 28, 1976, the United States Department of Justice, on behalf of the government of Canada, offered into evidence the appropriate certified and authenticated extradition documents, including true copies of the Information and the warrant for Mr. O'Brien's arrest, then outstanding. Also offered into evidence were the affidavits of a Canadian lawyer setting forth Canadian law on the crime of murder, identification of Mr. O'Brien, and an affidavit by one Stinson, an officer of the Royal Canadian Mounted Police, describing the evidence against Mr. O'Brien and appending thereto copies of signed statements given Officer Stinson by numerous witnesses involved. Also submitted in evidence was an affidavit from the State Department concerning the applicable treaty provisions, being more particularly those which are contained in Article X of the Webster-Ashburton Treaty of 1842, 26 Stat. 1508.

Upon a review of the evidence in the case, the United States Magistrate determined that the requisites for extradition had been met and ordered O'Brien committed to the custody of the United States Marshal pending issuance of a surrender warrant of the Secretary of State pursuant to 18 U.S.C. § 3186. Thereafter O'Brien filed a petition for a writ of habeas corpus in the district court, the denial of which forms the basis for his appeal herein.

The government moves for summary affirmance on the ground that no genuine issues of law or fact are presented and thus the appeal is frivolous.

O'Brien's counsel has framed the sole issue on appeal as follows:

"Is hearsay admissible against a Canadian citizen in an extradition proceeding

under 18 U.S.C. § 3184 and 18 U.S.C. § 3190 brought at the request of the Canadian Government?"

Because we conclude that hearsay evidence is admissible and because we further conclude that the issue is so unsubstantial as not to require oral judgment, we affirm.

The adequacy of the extradition proceeding in all other respects is acknowledged by appellant. It is, however, the use and competency of the hearsay evidence supplied by Corporal Stinson's affidavit and accompanying documents which are challenged. It is not and cannot be questioned that if that evidence was properly considered by the magistrate and by the district judge, it was sufficient to establish probable cause to believe that the crime of murder had been committed as alleged and that O'Brien was the perpetrator. However, it is argued that the competency of the evidence to establish probable cause in such cases must be determined according to the law of Canada. Appellant asserts that he offered and was denied the right in an evidentiary hearing to demonstrate that in the Canadian equivalent of a preliminary examination, hearsay is not admissible. From this he urges that the hearsay should similarly have been held inadmissible in the instant extradition proceeding. From an examination of the pertinent authorities, it is apparent that an inquiry into that body of law was immaterial, since American law applies in any event.

The procedures to be followed in extradition hearings are set forth in 18 U.S.C. § 3184:

### § 3184. Fugitives from foreign country to United States

Whenever there is a treaty or convention for extradition between the United States and any foreign government, any justice or judge of the United States, or any magistrate authorized so to do by a court of the United States, or any judge of a court of record of general jurisdiction of any State, may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention, issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or magistrate, to the end that the evidence of criminality may be heard and considered. If, on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, he shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.

As amended Oct. 17, 1968, Pub.L. 90–578, Title III, § 301(a)(3), 82 Stat. 1115.

 The above cited section clearly provides that the sufficiency of evidence to sustain the charge shall be determined by the provisions of the proper treaty or convention for extradition. This treaty, it is conceded, is the Webster-Ashburton Treaty, Article X of which provides:

It is agreed that the United States and Her Britannic Majesty shall, upon mutual requisitions by them, or their Ministers, officers, or authorities, respectively made, deliver up to justice all persons who, being charged with the crime of murder, or assault with intent to commit murder, or piracy, or arson, or robbery, or forgery, or the utterance of forged paper, committed within the jurisdiction of either, shall seek an asylum or shall be found within the territories of the other: Provided, that this shall only be done upon such evidence of criminality as, *according to the laws of the place where the fugitive or person so charged shall be found,* would justify his apprehension and commitment for trial if the crime or offense had there been committed . . . (Emphasis added)

Thus by the very terms of the Treaty, it is apparent that the quantum of evidence of criminality sufficient to justify apprehension and retention of the appellant for trial is to be determined not by Canadian law, *In re McPhun*, 30 F. 57, 58 (S.D.N.Y.1887); *In re Herskovitz*, 136 F. 713 (N.D.Ohio 1901), but by the laws of the state within the United States where the appellant was found. *Pettit v. Walshe*, 194 U.S. 205, 217, 24 S.Ct. 657, 48 L.Ed. 938 (1904); *Shapiro v. Ferrandina*, 478 F.2d 894, 901 (2nd Cir. 1973).

Appellant conceded at the hearing in the district court, "[T]here is probable cause in [sic if] the evidence that was admitted by Magistrate Stith was properly admitted." In determining whether there is sufficient evidence of criminality, it is clear that hearsay was properly considered in the extradition hearing. *Collins v. Loisel*, 259 U.S. 309, 317, 42 S.Ct. 469, 66 L.Ed. 956 (1922); *Bingham v. Bradley*, 241 U.S. 511, 517, 36 S.Ct. 634, 60 L.Ed. 1136 (1916); *United States ex rel. Sakaguchi v. Kaulukukui*, 520 F.2d 726, 730 (9th Cir. 1975); *Shapiro v. Ferrandina*, *supra*, 478 F.2d at 901–02.

Notwithstanding the foregoing, appellant further claims that the hearsay evidence was not admissible because under 18 U.S.C. § 3190 it would not have been admissible for similar purposes in Canada.

18 U.S.C. § 3190 provides:

Depositions, warrants, or other papers or copies thereof offered in evidence upon the hearing of any extradition case shall be received and admitted as evidence on such hearing for all the purposes of such hearing if they shall be properly and legally authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped, and the certificate of the principal diplomatic or consular officer of the United States resident in such foreign country shall be proof that the same, so offered, are authenticated in the manner required.

Relying upon § 3190, appellant argues that Canadian law governs the admissibility of evidence in the extradition proceeding in the United States because of the requirement that the documents referred to therein be authenticated "so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped . . ." Again, appellant's reliance is misplaced. By its terms, § 3190 provides merely the vehicle for measuring the authenticity of documents for the purpose of their employment in extradition proceedings and does not speak to the competency of the evidence for purposes of § 3184. *Argento v. Horn*, 241 F.2d 258, 263 (6th Cir.) *cert. denied* 355 U.S. 818, 78 S.Ct. 23, 2 L.Ed.2d 35 (1957); *Bingham v. Bradley*, *supra*, 241 U.S. at 517, 36 S.Ct. 634 (1936). In this case the authenticity of the documents submitted at the extradition hearing was supported by the certificate of the General Consul of the United States Government in Ottawa, a certification which meets the requirements of 18 U.S.C. § 3190. Appellant's challenge goes not to the proper method of authentication under § 3190, but only to his claim that the substantive law of Canada respecting the competency of hearsay evidence should have been considered, a claim which we have earlier rejected.

Accordingly the judgment of the district court is affirmed.