941 F.2d 1209
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nils CORRELL, Petitioner-Appellant,
v.
James Y. STEWART, Respondent-Appellee.
 No. 91-1009.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 90-72452; Julian Abele Cook, Jr., C.J.
 E.D.Mich.
 AFFIRMED.
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and GIBSON, Chief District Judge*
 PER CURIAM:
 
 
 1
 Nils Correll appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 in which he challenges an order that he surrender for extradition to Denmark to face a murder charge. Petitioner's primary claim on appeal is that the evidence presented at his extradition hearing was insufficient to establish probable cause. He also argues that one of the Danish documents admitted during the extradition hearing was not properly authenticated. We find the petitioner's claims unpersuasive and AFFIRM.
 
 
 2
 "The scope of review in habeas corpus [proceedings] following an extradition order is quite narrow." Demjanjuk v. Petrovsky, 776 F.2d 571, 576 (6th Cir.1985), cert. denied, 475 U.S. 1016 (1986). As this Court stated in Demjanjuk, that write " 'is not a means for rehearing what the magistrate already has decided. The alleged fugitive from justice has had his hearing and habeas corpus is available only to inquire ... whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.' " Id. (quoting Fernandez v. Phillips, 268 U.S. 311, 312 (1925)). We do not sit to rehear the District Court's findings but review those findings only for clear error. Id.
 
 
 3
 Correll contests the sufficiency of the evidence against him. The magistrate judge relied on several pieces of evidence to find that probable cause existed in this case. The court had before it evidence of Correll's motive, his opportunity, his apparent flight from Denmark, his false exculpatory statements, statements made by his alibi witness which were later retracted, scratches on Correll's right arm and hand, a broken left fingernail on the deceased, and the fact that Correll fit a general physical description given by a witness who observed a man arguing with the victim a short time before her murder. The District Court in affirming the magistrate judge's order, reviewed the evidence and likewise found that it was "enough to evince a reasonable belief in [Correll's] guilt." Joint App. at 90.
 
 
 4
 We need not set out the evidence in detail to affirm the District Court's conclusion. Our task here is limited to determining " 'whether there was any [competent] evidence warranting the finding that there was a reasonable ground to believe [Correll] guilty.' " Demjanjuk, 776 F.2d at 576 (quoting Fernandez, 268 U.S. at 312) (emphasis added). Our review of the evidence presented at Correll's extradition hearing convinces us that, while circumstantial in nature and perhaps not very incriminating taking each piece in isolation, the evidence when taken as a whole satisfies the lenient Fernandez standard.
 
 
 5
 In addition to witness testimony, the government offered several Danish documents at the extradition hearing. Those documents were authenticated by the United States Ambassador to Denmark as required by 18 U.S.C. § 3190.[1] Correll contends that one of the documents, a report of the investigating Danish police officer, was not properly authenticated. He makes two arguments in support of his contention: (1) the "certification" attached to the police report is invalid because it indicates that what is attached are "copies of formal charges" rather than a copy of the Copenhagen Metropolitan Police Report; and (2) the police report is inadmissible in Danish courts and therefore is not admissible in an extradition hearing.
 
 
 6
 With respect to the apparent mislabeling of the certification attached to the police report, we agree with the District Court that the error did not undermine that exhibit's substantial conformity with the requirements of section 3190. An obvious inadvertent incongruity is an insufficient basis for negating an otherwise proper certification. See, e.g., Shapiro v. Ferrandina, 478 F.2d 894, 904 (2d Cir.1973). Here each of the documents submitted related to the formal charges and we reject Correll's argument as "savor[ing] of technicality." Bingham v. Bradley, 241 U.S. 511, 517 (1916).
 
 
 7
 We find Correll's second argument meritless as well. Relying on one portion of section 3190, Correll argues that Danish law governs the admissibility of evidence in the United States because of the requirement that the documents referred to therein be "properly and legally authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped...." To the extent that Correll is challenging the authentication of the documents under section 3190, his reliance on the quoted language is misplaced. The authenticity of the police report was supported by a proper certificate of the Ambassador to Denmark, and such a certification is conclusive on the issue of admissibility. See, e.g., Theron v. United States Marshal, 832 F.2d 492, 502 (9th Cir.1987), cert. denied, 486 U.S. 1059 (1988) ("Certification of the United States diplomatic officials is 'conclusive proof that the documents are properly and legally authenticated and therefore admissible."); In re Assarsson, 635 F.2d 1237, 1246 (7th Cir.1980), cert. denied, 451 U.S. 938 (1981) (certification under 18 U.S.C. § 3190 "is conclusive" on the question of admissibility of evidence at extradition hearing). To the extent that Correll's challenge goes not to the proper method of authentication, but to a claim that the substantive law of Denmark respecting the admissibility of the police report should have been applied in his extradition hearing, this Court rejected a virtually identical argument in O'Brien v. Rozman, 554 F.2d 780 (6th Cir.1977) (per curiam) (unnecessary to apply Canadian law regarding admissibility of hearsay in extradition hearing).
 
 
 8
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Benjamin F. Gibson, Chief Judge of the United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 The statute provides in pertinent part:
 Depositions, warrants, or other papers or copies thereof offered in evidence upon the hearing of any extradition case shall be received and admitted ... if they shall be properly and legally authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country ... and the certificate of the principal diplomatic or consular officer of the United States ... shall be proof that the same, so offered, are authenticated in the manner required.
 The statute governs the admissibility of evidence in extradition hearings.