Franklyn PEROFF, Appellant,

v.

I. G. HYLTON, United States Marshal, et al., Appellees.

No. 76–1562.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 13, 1976.

Decided Oct. 21, 1976.

---

John D. Grad, Alexandria, Va. (Philip J. Hirschkop, Alexandria, Va., and Aaron R. Fodiman, Arlington, Va., on brief), for appellant.

Murray R. Stein, Atty., Dept. of Justice, Washington, D. C. (William B. Cummings, U. S. Atty., Elsie M. Powell, Asst. U. S. Atty., Alexandria, Va., Philip Wilens, Chief, Government Regulations and Labor Section, James P. Morris, Atty., Dept. of Justice, Washington, D. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

HAYNSWORTH, Chief Judge:

By a petition for writ of habeas corpus Franklyn Peroff sought judicial review of an order authorizing his extradition to Sweden. The petition was denied, and we conclude that its denial was proper.

■ The defendants, a United States marshal, the Attorney General of the United States and the Secretary of State question our jurisdiction because a surrender warrant has been delivered to the Swedish Ambassador to the United States. This occurred during the pendency of this appeal, but there has been no attempt by Swedish officials to obtain actual physical custody of Peroff. He is at large on bail, but within the technical custody of the marshal. Should we conclude that he was not properly extradited, the court could accomplish his unconditional release by an order directed to the marshal, and that power suffices to meet the jurisdictional requirement.

■ The extradition hearing is not designed as a full trial. The purpose is to inquire into the presence of probable cause to believe that there has been a violation of one or more of the criminal laws of the extraditing country, that the alleged conduct, if committed in the United States, would have been a violation of our criminal law, and that the extradited individual is the one sought by the foreign nation for trial on the charge of violation of its criminal laws. Those requirements were amply met in the hearing. A former banker in Sweden testified about the negotiation of securities, which later turned out to be worthless, in exchange for substantial sums of money in Sweden, and that the fraud was perpetrated by Franklyn Peroff. Peroff acknowledges that the stock certificates bear his endorsement, but he claims defensively that he had received the stock certificates as collateral for a loan to a business acquaintance. According to Peroff, he endorsed the certificates in blank when the loan was repaid and returned them to the one who actually initiated the fraud. It may be that on the full trial Peroff may be able to submit substantial proof that another rather than he was the perpetrator of the fraud, but that is a matter for exploration during the trial in Sweden and not for extensive evidentiary inquiry during the extradition hearing. Clearly, the extradition hearing established probable cause to believe that an offense was committed, that Sweden has a substantial basis for proceeding against Peroff and beyond question it is Peroff whom Sweden seeks for trial.

■ As a result of earlier proceedings growing out of the importation of narcotics into the United States, the Department of Justice and Peroff entered into a witness protection agreement, and Peroff claims that this agreement bars his extradition to Sweden. If such an agreement could ever justify non-compliance with solemn treaty obligations, however, this one does not. It was designed to give Peroff protection from underworld assassins and not to protect him from otherwise legal and proper prosecutorial measures. He remains answerable to charges properly brought against him in Sweden, and the district judge properly found no bar in the witness protection agreement to his extradition.

■ Finally, Peroff complains that he was not permitted to introduce testimony about the protective agreement and the physical risks he would encounter if actually delivered to the custody of Swedish authorities and transported to Sweden. The protective agreement, however, is simply irrelevant to the question before the court. If there are potential assassins in Swedish prisons, it is for Sweden to take measures adequate to secure Peroff's safety and protection. There is no reason to suppose that Sweden cannot do whatever is required to assure Peroff's safety. A denial of extradition by the Executive may be appropriate when strong humanitarian grounds are present, but such grounds exist only when it appears that, if extradited, the individual will be persecuted, not prosecuted, or subjected to grave injustice. Such a reason is not present here. There is no basis for suspecting Sweden's criminal processes, or supposing that Sweden cannot or will not adequately provide for Peroff's protection from criminal elements who may have grievances against him.

The denial of the petition for a writ of habeas corpus is affirmed.

*AFFIRMED.*