**Antonio Marinho ANTUNES, Appellant,**

**v.**

**Cyrus VANCE, Secretary of State; Roger Ray, United States Marshal; James Gondles, Sheriff, Arlington County Jail, Appellees.**

**No. 80–6556.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1981.

Decided Feb. 12, 1981.

Thomas W. Farquhar, Washington, D. C., for appellant.

Leonie M. Brinkema, Asst. U. S. Atty., Alexandria, Va. (Justin W. Williams, U. S. Atty., Alexandria, Va., Henry E. Hudson, Commonwealth's Atty., Arlington, Va., on brief), for appellees.

Before WIDENER, HALL and PHILLIPS, Circuit Judges.

K. K. HALL, Circuit Judge:

Antonio Marinho Antunes appeals from the district court's denial of his petition for a writ of habeas corpus. Having considered the record of the proceedings below, the briefs, and the oral arguments of counsel, we affirm.

On May 14, 1967, the appellant and a companion, Dias, were involved in a street fight in Cite de la Cerisaie, France, which resulted in the death of a young man. The

appellant and his companion fled from the scene of the homicide. Dias was apprehended in Luxembourg a year and a half later and tried for murder, but the case against him was ultimately dismissed. Antunes also fled to Luxembourg and remained there for an unspecified period of time before moving to Brazil. From Brazil, in early 1969, he wrote a letter to the police commissioner in Saint-Denis, France stating that he had "caused a death" and that he did not intend to return to France. Shortly thereafter, an international warrant of arrest was issued for Antunes.

In February of 1970, after futile attempts by the French government to locate him, the appellant was tried and convicted in absentia on charges of intentional murder. He was sentenced to life imprisonment.

On February 28, 1980, acting upon information provided by the French government, the United States Attorney for the Eastern District of Virginia filed a complaint seeking the extradition of the appellant to France.[1] One day later Antunes was arrested in his home in Arlington, Virginia, and held without bond.[2]

On March 28, 1980, following an extradition hearing conducted pursuant to 18 U.S.C. § 3184, a certificate of extraditability was issued. Antunes was granted a stay of extradition pending a hearing on his habeas corpus petition.

In his petition for habeas relief under 28 U.S.C. § 2255[3] the appellant contends that he was denied due process of law in the extradition hearing because he was ordered to be extradited despite his assertions that he was an American national and that the lapse of time barred his extradition. After a full hearing,[4] the petition was denied.

On appeal Antunes urges us to give full review to his defenses. He argues that review in habeas proceedings arising from extradition hearings should approximate the review upon a writ of error since he has no right to a direct appeal. This argument was expressly rejected by the Supreme Court in *Fernandez v. Phillips*, 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925) wherein Justice Holmes stated: "[t]hat writ [habeas corpus] as has been said very often cannot take place of a writ of error. It is not a means for rehearing what the Magistrate already has decided." *See also, Escobedo v. United States*, 623 F.2d 1098 (5th Cir. 1980).

The extradition hearing itself was sufficient within 18 U.S.C. § 3184.[5] In *Peroff v. Hylton*, 542 F.2d 1247, 1249 (4th Cir. 1978) we recognized the limited purpose of an extradition hearing:

The purpose is to inquire into the presence of probable cause to believe that

1. The record does not reflect how the French government became aware of Antunes' presence in the United States.

2. In a separate appeal, Antunes' request for release on bail pending this appeal, was denied. *Antonio Marinho Antunes v. Cyrus Vance, et al*, No. 80–6556, Slip opinion, November 10, 1980 (unpublished).

3. Direct appeal is not available in extradition cases. *Collins v. Miller*, 252 U.S. 364, 369, 40 S.Ct. 347, 348, 64 L.Ed. 616 (1920).

4. The record indicates, as suggested by the government, that both the magistrate and the district court "generously entertained" the appellant's defenses although they were not required to. Because of our disposition of this appeal, we do not have to pass on the validity of either of Antunes' contentions.

5. Section 3184 of Title 18 in pertinent part provides:

Whenever there is a treaty or convention for extradition between the United States and any foreign government, any justice or judge of the United States, or any magistrate authorized to do so by a court of the United States, ... may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention, issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or magistrate, to the end that the evidence of criminality may be heard and considered. *If, on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, he shall certify the same* .... (emphasis supplied).

there has been a violation of one or more of the laws of the extraditing country, that the alleged conduct, if committed in the United States, would have been a violation of our criminal law, and that the extradited individual is the one sought by the foreign nation for trial on the charge of violation of its criminal laws.

The record evidence from the proceedings below amply supports the district court's finding of probable cause. Antunes himself challenges neither the finding of probable cause nor the conclusion that he is the individual sought by France.

Accordingly, the judgment of the district court is affirmed.

*AFFIRMED.*