<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-6537**

———————————

OSCAR ELISEO MEDELIUS-RODRIGUEZ,

Petitioner - Appellant,

versus

BONNIE STRICKLAND,

Respondent - Appellee,

and

UNITED STATES OF AMERICA,

Respondent.

———————————

**No. 07-6846**

———————————

OSCAR ELISEO MEDELIUS-RODRIGUEZ,

Petitioner - Appellant,

versus

BONNIE STRICKLAND,

Respondent - Appellee.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:06-hc-02123-D)

—————————

**No. 07-6997**

—————————

In Re:  OSCAR ELISEO MEDELIUS-RODRIGUEZ,

Petitioner.

—————————

On Petition for Writ of Prohibition.

—————————

Submitted:  September 24, 2007        Decided:  October 15, 2007

—————————

Before MOTZ and TRAXLER, Circuit Judges, and WILKINS, Senior Circuit Judge.

—————————

Nos. 07-6537 and 07-6846 affirmed; No. 07-6997 petition denied by unpublished per curiam opinion.

—————————

Oscar Eliseo Medelius-Rodriguez, Appellant/Petitioner Pro se. Eric David Goulian, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Oscar Eliseo Medelius-Rodriguez (Medelius) appeals the district court's order denying relief on his petition under 28 U.S.C. § 2241 (2000), in which he sought review of a magistrate judge's order authorizing his extradition to Peru (No. 07-6537). He also appeals the district court's order denying a stay of judgment pending appeal (No. 07-6846) and seeks a writ of prohibition (No. 07-6997) to prevent the extradition process from going forward during the pendency of his habeas appeal. We conclude that the magistrate judge did not err in finding Medelius extraditable, and we affirm the district court's orders denying habeas relief and a stay pending appeal. We likewise deny the petition for writ of prohibition.

The United States government seeks to extradite Medelius, a Peruvian national and former member of Peru's congress, to face charges in Peru of falsification of documents and documentary evidence, misrepresentation, embezzlement, and delinquent association. The charges against Medelius arise from a scheme to forge the signatures and fingerprints of actual voters to register a political party and take part in the 2000 presidential election to support former Peruvian president Alberto Fujimori.

Upon the filing of a complaint in the district court seeking certification of the fugitive's extraditability, a district

court judge or magistrate judge conducts a hearing to determine whether (1) there is probable cause to believe that the fugitive has violated one or more of the criminal laws of the country requesting extradition; (2) the alleged conduct would have been a violation of criminal law if committed in the United States; and (3) the requested individual is the one sought by the foreign nation for trial on the charge at issue. See Peroff v. Hylton, 542 F.2d 1247, 1249 (4th Cir. 1976). A writ of habeas corpus is the only available means to challenge a magistrate judge's certification order. Ordinola v. Hackman, 478 F.3d 588, 598 (4th Cir. 2007). The scope of habeas corpus review in extradition is limited, and the magistrate judge's findings are accorded substantial deference. Id. at 599. In considering such a habeas petition, the district court generally determines only whether the magistrate judge had jurisdiction, whether the charged offense is within the scope of the applicable treaty, and whether there was any evidence supporting the probable cause finding. Id.

In his appeal, Medelius's primary contentions are: (1) the evidence submitted by the Peruvian government does not support a finding of probable cause; (2) the charged crimes are not extraditable offenses; (3) the offenses fall within the political offense exception; and (4) extradition would violate his

constitutional rights.[1]  We have considered these claims and conclude the district court did not err in upholding the magistrate judge's probable cause determination and affirming the magistrate judge's conclusion that the charged offenses are within the scope of the Extradition Treaty.  We also conclude the district court and magistrate judge both properly concluded that the offenses do not fall within the political offenses exception to extradition, and extradition would not violate Medelius's constitutional rights.  Accordingly, we affirm the district court's denial of habeas relief (No. 07-6537).

Medelius's second appeal (No. 07-6846) challenges the district court's order denying a stay of judgment pending his habeas appeal.[2]  In light of our affirmance of the district court's denial of habeas relief, we also affirm that court's denial of Medelius's motion for stay pending appeal.

Medelius has also filed a petition for a writ of prohibition (No. 07-6997), requesting an order prohibiting the

---

[1]To the extent that Medelius raises other issues in his informal brief on appeal, we conclude those issues lack merit.

[2]Although Medelius did not note an appeal from the district court's June 8, 2007 order denying a stay pending appeal, his informal brief challenging that order may properly be considered the functional equivalent of a notice of appeal from the district court's June 8 order.  See Smith v. Barry, 502 U.S. 244, 248-49 (1992).  Because Medelius filed his informal brief within the thirty-day appeal period following the June 8 order, we have jurisdiction to consider the issues he raises therein.  Smith, 502 U.S. at 248-49.

Secretary of State from making a decision on his extradition, or if a final decision has been made, prohibiting his surrender to Peru while his habeas appeal is pending. Again, in light of our decision in Medelius's habeas appeal, we deny his petition for a writ of prohibition.

In sum, we affirm the district court's orders denying Medelius's § 2241 petition (No. 07-6537) and denying a stay of judgment pending appeal (No. 06-6846). In Appeal No. 07-6537, we also deny Medelius's motion to appoint counsel, motion for a hearing en banc, motion for a stay of judgment, petition for a writ of prohibition, two motions for emergency relief, and motion for release on bail pending appeal. In Appeal No. 07-6997, while we grant Medelius's motion for leave to proceed in forma pauperis, we deny his petition for a writ of prohibition and his motion for emergency relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

Nos. 07-6537 and 07-6846 <u>AFFIRMED</u>
No. 07-6997 <u>PETITION DENIED</u>