106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wilfredo Gelez CRUDO, Petitioner-Appellant,
v.
Mike RAMON; U.S. Marshal Service, Respondents-Appellees.
 No. 95-55867.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1996.*
Submission Withdrawn July 17, 1996.
Resubmitted August 7, 1996.
Decided Jan. 22, 1997.
 
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE,** District Judge.
 MEMORANDUM***
 This is an extradition case. Wilfredo Gelez Crudo, a citizen of the Philippines, appeals from the district court's denial of his habeas corpus petition. Crudo seeks review of the magistrate judge's (magistrate) certification of his extradition to Hong Kong on charges of theft and conspiracy for his alleged role in drugging and robbing Japanese tourists. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.
 In reviewing an extradition order on a petition for habeas corpus, our role is strictly limited. We only review to determine (1) whether the extradition court had jurisdiction over the proceedings and the fugitive, (2) whether the offense charged is within the valid and enforceable extradition treaty, and (3) whether there was any evidence warranting the finding that there was a reasonable ground to believe the accused guilty. In conducting this review, findings of fact are reviewed under a "clearly erroneous" standard, and legal questions are reviewed de novo.
 Theron v. United States Marshal, 832 F.2d 492, 495 (9th Cir.1987) (citations omitted).
 * Crudo argues that the district court erred by holding that competent evidence existed to establish probable cause. The magistrate had refused to admit Crudo's recantation which asserted that his original confession was coerced. Alternatively, the magistrate held that even if admitted, Crudo's testimony failed to negate the government's evidence, satisfying probable cause to extradite. The district court affirmed the magistrate on this alternative ground.
 Admission of evidence proffered by the fugitive at an extradition proceeding is left to the sound discretion of the court, guided of course by the principle that evidence of facts contradicting the demanding country's proof or establishing a defense may properly be excluded.
 Hooker v. Klein, 573 F.2d 1360, 1369 (9th Cir.1978) (citing Charlton v. Kelly, 229 U.S. 447, 456 (1913); Shapiro v. Ferrandina, 478 F.2d 894, 901 (2d Cir.1973)). A fugitive "can only offer evidence that tends to explain the government's case of probable cause." Id. at 1368 (citation omitted). This is so because "the country seeking extradition is not required to produce all its evidence at an extradition hearing and it is not our role to determine whether there is sufficient evidence to convict the accused. The magistrate does not weigh conflicting evidence and make factual determinations but, rather, determines only whether there is competent evidence to support the belief that the accused has committed the charged offense." Quinn v. Robinson, 783 F.2d 776, 815 (9th Cir.1986) (citation omitted). Under this standard, the magistrate was within his discretion in refusing to admit Crudo's recantation evidence.
 We also conclude that the magistrate did not clearly err in finding that sufficient competent evidence supported a finding of probable cause to extradite. Seven Hong Kong police officers provided affidavits that they did not witness Crudo being tortured and that he confessed willingly. The magistrate was not required to weigh contradicting evidence. Id. at 792.
 II
 Crudo also contends that the district court abused its discretion in denying his request for a continuance of the habeas hearing and funding under the Criminal Justice Act (CJA). However, like our own review,
 
 
 1
 The scope of the district court's review of a magistrate's extradition order on a petition for writ of habeas corpus is limited to "whether the magistrate had jurisdiction, whether the offence [sic] charged is within the treaty and, by a somewhat liberal extension, whether was any evidence warranting a finding that there was reasonable ground to believe the accused guilty."
 
 
 2
 Quinn, 783 F.2d at 790 (brackets in original) (quoting Fernandez v. Phillips, 268 U.S. 311, 312 (1925)). Because it, essentially, was limited to a review function, the district court did not abuse its discretion in denying these requests, which are akin to trial preparation requests.
 
 
 3
 Even under the traditional factors which govern review of the district court's exercise of discretion on these matters, see United States v. Mejia, 69 F.3d 309, 314 (9th Cir.1995), there was no abuse of discretion. Crudo basically wanted a continuance to gather more evidence from Hong Kong; however, the evidentiary habeas hearing had been held before the magistrate. Given our case law that "evidence of facts contradicting the demanding country's proof ... may properly be excluded," Hooker, 573 F.2d at 1369 (citation omitted), and the district court's limited review function, it was not an abuse of discretion under Mejia to deny the request for a continuance.
 
 
 4
 Crudo fares no better on his request for CJA funds, which was for the same purpose--gathering contradicting evidence in Hong Kong. In these circumstances, because he cannot show that he was prejudiced by the denial, it was not an abuse of discretion for the district court to deny Crudo's request for CJA funds. Bonin v. Calderon, 59 F.3d 815, 837 (9th Cir.1995) (abuse of discretion standard applies; petitioner must demonstrate prejudice "by clear and convincing evidence"), cert. denied, 116 S.Ct. 718 (1996).
 
 III
 
 5
 Finally, Crudo contends that the extradition statute, 18 U.S.C. § 3184, is unconstitutional as a violation of the separation of powers doctrine. However, Crudo did not preserve this contention by raising it below; he raises it for the first time on appeal. As a general rule, we will not consider issues raised for the first time on appeal. Broad v. Sealaska Corp., 85 F.3d 422, 430 (9th Cir.1996) (applying rule to constitutional challenge to statute) (citing Singleton v. Wulff, 428 U.S. 106, 120 (1976), and Golden Gate Hotel Ass'n v. City and County of San Francisco, 18 F.3d 1482, 1487 (9th Cir.1994)), petition for cert. filed, 65 U.S.L.W. 3381 (U.S. Nov. 11, 1996) (No. 96-756). "Because the issue was not raised below, we decline to reach the merits." Id.
 
 
 6
 Crudo relies on the plain error rule, Fed.R.Crim.P. 52, contending that we should reach the issue, even though he failed to raise it below. However, his reliance on Criminal Rule 52 is misplaced because this is a civil proceeding. See United States v. Morgan, 346 U.S. 502, 505 n. 4 (unlike coram nobis, "which is a step in the criminal case," habeas corpus is "a separate civil proceeding").
 
 
 7
 Crudo also relies on the fact that the case which held § 3184 unconstitutional, LoBue v. Christopher, 893 F.Supp. 65 (D.D.C.1995), is a class action in which extradition proceedings against all members of the class were stayed and he is a member of that class. That argument is unavailing, however, because that judgment has been vacated and the district court directed to dismiss the case for lack of subject matter jurisdiction. LoBue v. Christopher, 82 F.3d 1081 (D.C.Cir.1996).
 
 
 8
 For these reasons, we decline to consider Crudo's constitutional attack.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge, Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3