FERNANDEZ *v.* PHILLIPS, U. S. MARSHAL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW HAMPSHIRE.

No. 680.    Argued May 4, 1925.—Decided May 25, 1925.

1. In extradition proceedings, form is not to be insisted upon beyond
   the requirements of safety and justice, and the competent evi-
   dence establishing reasonable grounds for extradition is not neces-
   sarily evidence competent to convict. P. 312.
2. *Habeas corpus* can not be used to rehear the findings of a magis-
   trate in extradition, but only to inquire whether he had jurisdic-
   tion, whether the offence is within the treaty, and whether there
   was any evidence warranting the finding of reasonable ground to
   believe the accused guilty. P. 312.
3. Complaint in extradition filed by an Assistant United States
   Attorney, upon information, *held* sufficient, where it appeared at
   the hearing that it was ordered by the Attorney General upon
   request of the Secretary of State based on a request and a record
   of judicial proceedings from the foreign country. P. 312.
4. Embezzlement or peculation of public funds by a public officer
   is a crime in Mexico within the extradition treaty. P. 313.
5. Warrant in extradition (if required) *held* good in *habeas corpus*
   over the objection of misnomer of the accused, where the name in
   the warrant was one of two applied to him in the proceedings and
   he was identified by the testimony.
Affirmed.

APPEAL from a judgment of the District Court remand-
ing the appellant in a *habeas corpus* case.

Mr. *John E. Benton*, with whom Messrs. *Robert W.
Upton* and *Edward C. Niles* were on the brief, for appel-
lant, submitted.

Mr. *Harold B. Elgar*, with whom Mr. *Jerome S. Hess*
was on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the
Court.

The appellant is charged with embezzlement of public
funds while a public officer of the United States of Mex-

ico.  He was held for surrender to that Government after · a hearing before a District Judge who found that there was probable cause to believe that he was guilty and that he was a fugitive from justice.  Writs of *habeas corpus* and certiorari were issued by another District Judge who came to the same conclusion and remanded the appellant.  The case is brought here directly upon the somewhat strained assumption that the construction of our treaty with Mexico is involved.  Being here, out of a natural anxiety to save the appellant if possible from being sent from New Hampshire to Mexico for trial, it has been presented as if this were the final stage and every technical detail were to be proved beyond a reasonable doubt.  This is not the law.  Form is not to be insisted upon beyond the requirements of safety and justice. *Glucksman* v. *Henkel*, 221 U. S. 508, 512.  Competent evidence to establish reasonable grounds is not necessarily evidence competent to convict.  See e. g., *Bingham* v. *Bradley*, 241 U. S. 511, 517.  *Collins* v. *Loisel*, 259 U. S. 309, 317.  1 Wigmore, Evidence, 2d ed., § 4(6), p. 21.

The foregoing are general principles relating to extradition, but there are further limits to *habeas corpus*.  That writ as has been said very often cannot take the place of a writ of error.  It is not a means for rehearing what the magistrate already has decided.  The alleged fugitive from justice has had his hearing and *habeas corpus* is available only to inquire whether the magistrate had jurisdiction, whether the offence charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.  *Benson* v. *McMahon*, 127 U. S. 457.  *Re Luis Oteiza y Cortes*, 136 U. S. 330.  *Bryant* v. *United States*, 167 U. S. 104, 105. *Elias* v. *Ramirez*, 215 U. S. 398, 406.  We pass to the consideration of the specific objections urged.

It is objected in the first place that the complaint and warrant are defective.  The complaint was filed by an As-

sistant District Attorney of the United States for the District of New Hampshire. It alleged that the complainant was informed ' through diplomatic channel ' that the appellant was duly and legally charged by the United States of Mexico with the crime, and on behalf of that government prayed the arrest. Of course whatever form of words was used, the complaint necessarily was upon information, but as appeared at the hearing it was filed by order of the Attorney General, upon request of the Secretary of State, enclosing a request for the extradition from the Mexican Government and a copy of proceedings in a Mexican Court finding that the crime was duly proved against the appellant and ordering his arrest, many pages of evidence being appended. This was enough. *Yordi* v. *Nolte,* 215 U. S. 227, 231, 232. *Rice* v. *Ames,* 180 U. S. 371, 375, 376. *Glucksman* v. *Henkel,* 221 U. S. 508, 514. The crime charged is embezzlement or peculation of the public funds between May, 1922, and February 1, 1923, while a public officer of the United States of Mexico, to wit, the Cashier of the Department of Special Taxes. The crime is within the treaty and sufficiently alleged. The warrant is said to be bad because it names Mariano Viamonte, and not Mariano Viamonte Fernandez, the appellant. He is named both ways in the proceedings and is identified by testimony. There is nothing in this objection, if a warrant is required.

The final objection is that there is no evidence that the defendant is guilty of the crime charged. This is rather a bold contention seeing that upon the evidence the appellant was Cashier in the Department of Special Taxes, had sole charge of the money, kept the books in his own handwriting, that those books disclose a considerable deficit in the cash, and that he fled the country. He is said to have gambled. On his books the appellant mingled two classes of accounts and by so doing made detection difficult if he was guilty. First there are the items

of cash actua ₁ received and paid out entered respectively under the heads ingress and egress. But besides these were other transactions called virtual in which he did not receive the cash but was to enter a series of debits and credits. These concerned the petroleum tax which was a stamp tax. The taxpayers handed to the national treasurer their tax returns, called manifestations, paid their tax and received from him a memorandum receipt. The manifestation and receipt then were handed to the appellant. He forwarded the receipt to the comptroller and entered the amount in his egress column. He should then send the manifestation to the stamp department, which put on the proper stamps and returned it to appellant, the amount being entered as ingress. In the interval between the egress and the ingress, he appeared as having paid out so much money and could use that amount until it was necessary to enter the cross item. As the taxpayers were not very prompt in calling for their papers it was possible for him to keep their manifestations for a time without charging himself, withdraw the amount with which he should charge himself for them and present an account that was correct upon its face. By repeating the process it was possible to disguise an embezzlement for a considerable time. This is what from his books he seems to have done. It is unnecessary to go into greater detail. We are of opinion that probable cause to believe the defendant guilty was shown by competent evidence and that the judgment remanding the appellant must be affirmed.

*Judgment affirmed.*

Mr. Justice Sutherland was absent and took no part in this decision.