**Hildebrando NICOSIA, Plaintiff-Appellant,**

v.

**Gaddis WALL, Chief, Police Division, Cánal Zone Government, et al., Defendants-Appellees.**

**Nos. 29741, 29870.**

United States Court of Appeals, Fifth Circuit.

April 6, 1971.

E. J. Berger, Cristobal, Canal Zone, John D. Goodwin, Shreveport, La., for plaintiff-appellant.

Rowland K. Hazard, U. S. Atty., Balboa, Canal Zone, Murray R. Stein, Atty. Admin. Regulations Sec., Crim. Div., Dept. of Justice, Washington, D. C., Will Wilson, Asst. Atty. Gen., John L. Murphy, Paul C. Summitt, Attys., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before GEWIN, BELL and ALDISERT,* Circuit Judges.

PER CURIAM:

In this appeal [1] from the denial of a habeas corpus writ in an extradition proceeding, we must initially decide whether the Republic of Panama met its burden of establishing "probable cause that the fugitive is guilty," or of presenting "evidence sufficient to show reasonable ground to believe the accused guilty." Sayne v. Shipley, 418 F.2d 679, 685 (5 Cir. 1969), cert. denied, 398 U.S. 903, 90 S.Ct. 1688, 26 L.Ed.2d 61 (1970). The district court held that Panama satisfied treaty obligations with the United States as reflected in 6 Canal Zone Code § 5081:

> All persons who have been * * * accused before the courts of the Republic of Panama as authors * * * of crimes * * * against the laws of that Republic, * * * shall be * * * delivered to the authorities of the Republic of Panama, upon the demand of the Government of that Republic and compliance with the procedure prescribed in this subchapter.

* Of the Third Circuit, sitting by designation.

1. Although two appeals were filed, we have concluded that one was precautionary only.

To be sure, Panama did present more than a naked request for extradition. It supplied our government with documentary materials fairly described as an equivalent of an indictment officially issued by a duly constituted court. We are persuaded by an independent review of the record that the district court did not err in concluding that sufficient evidence was presented to warrant "the finding that there was a reasonable ground to believe the accused guilty." Fernandez v. Phillips, 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed 970 (1925).

■ Notwithstanding our affirmance of this conclusion, it is necessary to remand these proceedings for additional findings in light of the State Department's recent application of the 1967 United Nations Protocol Relating to the Status of Refugees (19 U.S.T. 6223, TIAS 6577). In three unrelated cases which arose after the rendition of the district court's judgment in these proceedings, our government delivered notes [2] to the Republic of Panama declaring that even though Panama is not a party to the Refugee Protocol, the United States intends to enforce the terms of that protocol and to deny extradition in cases in which it is demonstrated that a fugitive's life or freedom would be threatened on account of his political opinion.[3]

It is obvious that there are distinct political overtones in the instant case. The gravamen of Panama's action is that appellant obtained improper mortgage financing from the Social Security Bank of Panama by virtue of his position as Minister of the Presidencia in the government of Dr. Arnulfo Arias—a position he held from October 1 to October 11, 1968, when the Arias administration was replaced by a provisional government. Appellant introduced, and the district court rejected, the political refugee defense. Although the court made reference to the United Nations Refugee Protocol, it refused to consider its applicability, ruling that this was a matter which "should be up to the Governor [of the Canal Zone] for determination." In its brief, the government suggests, that the district court erred in refusing to consider it: "[T]he United States Government is of the view that the Refugee Protocol applies to the Canal Zone." Despite this concession, the government urges that we should affirm the result reached by the district court because under the facts presented by the demanding State the alleged crime comes within a specific exception to the protocol.[4]

We are disinclined to decide this question in the present posture of these proceedings. We hold that because the government concedes that the political ref-

2. Notes from the United States Government to the Republic of Panama dated July 10, 1970, and August 11, 1970, relating to the request and delivery of Panamanian citizens Silvera, Sanjur, and Nenzen Franco.

3. The 1906 extradition arrangements between the United States and the Republic of Panama made no exceptions for political offenders. Despite this omission, however, persons seeking temporary political asylum in the Canal Zone have been granted such status, as was appellant when he originally fled Panama. He later was admitted to the United States mainland as a tourist and had returned to the Canal Zone for a temporary visit when apprehended for these proceedings.

4. The United Nations Refugee Protocol binds acceding States to apply certain provisions of the 1951 Refugee Convention (189 UNTS 150). Although not a party to the Refugee Convention, the United States, by being a signatory to the 1967 Refugee Protocol, accepted by reference substantive Articles 2 through 34 of the Convention. Article 1(2) of the Protocol incorporates Article 1A(2) of Convention Article 33 which prohibits the expulsion or return of refugees where their life or freedom would be threatened on account of their political opinion. A Convention exception (Article 1F(b)) states that its provisions "shall not apply to any person with respect to where there are serious reasons for considering that:

(b) he has committed a serious non-political crime outside the country of refuge prior to his admission to that country as a refugee.

ugee protocol is applicable to the Canal Zone, it is necessary for the district court to determine in the first instance whether the facts asserted by the demanding State bring this case within the exception.

Vacated and remanded.