**In the Matter of the Extradition of Mario Francesco MAGISANO, Petitioner-Appellant,**

v.

**George LOCKE, United States Marshal, United States of America, Respondent-Appellee.**

No. 76–3297.

United States Court of Appeals, Ninth Circuit.

Nov. 16, 1976.

---

Riner E. Deglow (argued), Spokane, Wash., for petitioner-appellant.

Dean C. Smith, Asst. U. S. Atty. (argued), Spokane, Wash., for respondent-appellee.

Before BROWNING and ELY, Circuit Judges, and JAMESON,* District Judge.

ELY, Circuit Judge.

The appellant is presently in the custody of American officials in the State of Washington. He is accused in Canada of having committed criminal offenses in that country, including participating in a conspiracy to possess counterfeit American currency and possessing such currency. Upon the application of Canadian authorities, the Secretary of State has issued a warrant, which, if implemented, will cause the extradition of the appellant from the United States and his delivery to Canadian law enforcement authorities.

The appellant challenged the warrant by application for a Writ of Habeas Corpus in the District Court. The District Court rejected the challenge and also denied the appellant's application for release from custody on bail pending the ultimate resolution of the extradition proceedings. The appellant has appealed, and his extradition has been stayed pending the disposition of his appeal by this Court.

The judgment of the District Court is affirmed in all respects.

It is first contended that the United States Magistrate was without jurisdiction. The challenged action of the Magistrate, however, was confirmed by the District Court.

Second, it is argued that the offenses with which appellant was charged in Canada are not included within the pertinent Extradition Treaty, a Treaty between Canada and our country, effective on March 23, 1976. Section 1 of Article 2 of the

* Honorable William J. Jameson, United States District Judge for the District of Montana, sitting by designation.

Treaty provides, in effect, that offenses committed in the country seeking extradition requires the United States to extradite the alleged offender if one of the offenses prescribes a maximum penalty of confinement in excess of one year. Section 17 of the Treaty's schedule of offenses covers acts "against the laws relating to counterfeiting or forgery" and prescribes maximum penalties from two to fourteen years of imprisonment.

Finally, the appellant argues that the third element essential to extradition, *i. e.* the production of competent evidence warranting a finding that there are reasonable grounds to believe that the accused is guilty, has not been established. *See Fernandez v. Phillips,* 268 U.S. 311, 45 S.Ct. 541, 69 L.Ed. 970 (1925), *Sayne v. Shipley,* 418 F.2d 679 (5th Cir. 1969), and *Ex parte Davis,* 54 F.2d 723 (9th Cir. 1935).

██ In the first place it should be noted that, in undertaking to establish facts justifying extradition, it has been held that hearsay evidence is admissible. *See, e. g., Sayne v. Shipley, supra.*

██ The appellant's principal argument is that all of the evidence inculpating the appellant was acquired as the result of alleged illegal wiretapping. The government counters this argument by contending that the Canadian statute prohibiting evidence acquired by illegal wiretapping is essentially the same as that of the United States. We hold the Canadian courts in the highest respect and entertain no doubt that, if the appellant is tried in Canada, the Canadian courts will afford appropriate protection to the appellant under pertinent Canadian law. Moreover, while we shall not review it, there appears to be competent incriminating evidence against the appellant, independent of any leads resulting from illegal activities, assuming that illegal activities occurred, to warrant the preliminary determination by the District Court that there are, at least, reasonable grounds to believe that the appellant committed the offenses with which he is charged in Canada. Finally, we hold that the District Court did not err in refusing to release the appellant upon the posting of prescribed bail. In considering this issue, the District Court doubtless took into account the indication, established by the evidence, that the appellant was deeply involved in international counterfeiting and narcotics activity, grievous criminal conduct, and would undertake to flee from reapprehension if given the opportunity to do so.

██ The proceedings here involved are such as to necessitate speedy resolution; thus, the temporary stay of extradition, issued by this Court on November 1, 1976, is vacated. Furthermore, "[I]n the interest of expediting decision[s] . . .," we hold that no Petition for Rehearing will be entertained and that this judgment shall issue forthwith. *See* Rule 2, Fed.R.App.P.

AFFIRMED.