**Carl Louis HOI–PONG, Petitioner,**

v.

**Carlos A. NORIEGA, United States Marshal for the Southern District of Florida, Respondent.**

No. 87–2359–CIV.

United States District Court,
S.D. Florida,
Civil Division.

Jan. 26, 1988.

Jonathan Marks (argued), Power, Weiss & Marks, New York City, James Gailey, Akerman, Senterfitt, et al., Miami, Fla., for petitioner.

Robert Ciaffa, Asst. U.S. Atty., Miami, Fla., for respondent.

## ORDER ON PETITION FOR HABEAS CORPUS

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon a Writ of Habeas Corpus to review the Extradition Certification and Order of Commitment of the U.S. Magistrate. The Certification ordered petitioner's extradition to the Republic of Trinidad and Tobago ("Trinidad") to answer charges of embezzlement and falsification of accounts with intent to defraud. The court has considered the record below, the documentary evidence, the memoranda of law and the oral argument of able counsel.

Trinidad's Minister of External Affairs and International Trade, by request dated September 18, 1987, sought petitioner's extradition for prosecution pursuant to six arrest warrants issued by a Trinidadian Magistrate. The warrants charge petitioner with embezzlement and falsification of accounts with intent to defraud in violation of the laws of Trinidad. The acts upon which these charges are based are also proscribed as felonies by similar Federal and Florida state provisions. 18 U.S.C. § 641; Fla.Stat. § 812.021.

On November 5, 1987, the Honorable William C. Turnoff, United States Magistrate, held an extradition hearing herein and on November 27, 1987, issued an Extradition Certificate and Order of Commitment. The Certification was based on two essential findings: (1) a valid extradition treaty exists between the United States and Trinidad; and (2) the government established probable cause to believe petitioner committed the crimes charged. Petitioner challenges both findings.

■ The District Court's review of the magistrate's extradition order on a Petition for Writ of Habeas Corpus is limited to "whether the magistrate had jurisdiction, whether the offense [sic] charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." *Quinn v. Robinson*, 783 F.2d. 776, 790 (9th Cir.1986) *citing Fernandez v. Phillips*, 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925).

Magistrate Turnoff had jurisdiction pursuant to Title 18, United States Code, § 3184.

■ Next, as a threshold matter, this court must review whether a valid extradition treaty exists between the United States and Trinidad. This issue is a mixed question of law and fact and thus subject to *de novo* review. *United States v. McConney*, 728 F.2d 1195, 1203 (9th Cir.) *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ This court begins with the accepted proposition that extradition from the United States to a foreign country may be accomplished "only during the existence of any treaty of extradition with such foreign government." Title 18, United States Code, § 3181. *See also, Ramos v. Diaz,* 179 F.Supp. 459, 460–61 (S.D.Fla.1959). If there is no treaty, there is no duty to extradite.

Petitioner and the government agree to the following facts: In 1931, the United States entered into an extradition treaty with Great Britain. The 1931 treaty applied to Trinidad as part of "His Britannic Majesty's dominions overseas." In 1962, Trinidad gained independence. In 1977, the original treaty between the United States and Great Britain expired. In 1987 petitioner was arrested and his extradition to Trinidad was ordered.

Article 24 of the Vienna Convention of Succession State in Respect of Treaties provides:

1. A bilateral treaty which at the date of a succession of States was in force in respect of the territory to which the succession of States relates is considered as being in force between a newly independent State and the other State party when:

(a) they expressly so agree; or

(b) by reason of their conduct they are to be considered as having so agreed.

Thus, in order for this court to determine whether the 1931 treaty continued in full force after Trinidad's independence, the court must determine whether the United States and Trinidad agree, either expressly or by their conduct, that the treaty is binding.

Amazingly although a quarter century has passed since the independence of Trinidad, the United States has never expressly confirmed the continuing effectiveness of the 1931 Treaty. This simple step, involving nothing more than an exchange of memoranda between the two governments, would have rendered the present issue moot. Since there is no "express" agreement, the court must determine whether the parties' "conduct" constitutes recognition of the 1931 treaty's application to independant Trinidad.

Petitioner contends that the United States has not conducted itself in a manner consistent with the continued viability of the 1931 treaty. The United States has not passed any legislation recognizing the 1931 Treaty as being in force and effect. [Trinidad, however, has passed legislation specifically adopting the 1931 treaty.] Trinidad has returned at least one fugitive to the United States whereas, to date, the United States has not yet returned any fugitives to Trinidad.

■ Despite the absence of legislation and of any extraditions from the United States to Trinidad, this court, nevertheless, finds that Trinidad and the United States, through their conduct, agree the 1931 treaty is binding.

The United States considers the treaty binding and has demonstrated that fact by recording the treaty in its official publication, "Treaties in Force." Both countries have made extradition requests of each other and each has acted upon the respective requests.[1] Neither country has, at any time, refused to recognize the continued validity of the treaty. The United States Department of State, through its Office of the Legal Advisor, unequivocally states the treaty is valid. The Government of Trinidad and Tobago unequivocally states the treaty is valid. In sum, both parties have proceeded on the assumption the treaty is valid. Accordingly, this court finds both

---

**1.** On September 30, 1987, United States Magistrate, Donald Paul Dietrich, issued a Certification ordering the extradition of Dennis Davidson to the Republic of Trinidad and Tobago. To date, Davidson, though ordered, has not been returned to Trinidad. *United States v. Dennis Davidson, No. 0–87–120–19 (M.D.Fla. Sept. 30, 1987.)*

the United States and Trinidad through their conduct, agree the 1931 treaty is binding and in force between the two governments.[2]

The court now turns to petitioner's contention that the government did not establish probable cause to believe petitioner committed the crimes charged. The magistrate's probable cause determination "serve[s] only the narrow function of indicating those items of submitted evidence on which the decision to certify extradition is based." *Caplan v. Vokes*, 649 F.2d 1336, 1342 n. 10. A magistrate's probable cause finding is not a finding of fact *per se* because the court has not weighed the evidence nor resolved disputed factual issues. Thus, the probable cause determination must be upheld if there is any competent evidence in the record to support it. *Fernandez supra*, at 312, 45 S.Ct. at 542.

■ The government of Trinidad, through affidavits, states that an audit and investigation revealed petitioner, a government tax collector, grossly underreported the amount of taxes paid by individual taxpayers. However, petitioner did not give the government a corresponding receipt, rather, petitioner gave his government receipts which suggest the taxpayer paid significantly lesser amounts. This court finds the Trinidadian affidavits constitute competent evidence to support Magistrate Turnoff's probable cause determination.

Accordingly, for the reasons set forth above, it is

ORDERED AND ADJUDGED as follows: (1) That the Extradition Certification and Order of Commitment be and the same is AFFIRMED; (2) That the Restraining Order previously entered herein will be dissolved, cancelled and set aside; (3) That the Petition for Writ of Habeas Corpus of Carl Louis Hoi-Pong will be DENIED, and this cause will stand DISMISSED.

**2.** .... "[T]he good faith of treaties ... require that their obligations should be liberally construed so as to effect the apparent intentions of the parties to secure equality and reciprocity between them." *McElvy v. Civiletti*, 523 F.Supp. 42, 47 (S.D.Fla.1981).