FILED
United States Court of Appeals
Tenth Circuit

**January 31, 2011**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ARTUR JOZEF SWIERZBINSKI,

        Petitioner - Appellant,

        v.

ERIC HOLDER, Attorney General of
the United States; HILLARY
RODHAM CLINTON, Secretary of
State; LANNY D. WELCH, United
States Attorney District of Kansas;
WALTER R. BRADLEY, United
States Marshal District of Kansas;
SHELDON RICHARDSON, Warden
of Corrections Corporation of
America,

        Respondents - Appellees.

No. 10-3153

(D. Kansas)

(D.C. No. 5:10-CV-03059-RDR)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Acting pursuant to 18 U.S.C. § 3184, United States Magistrate Judge James P. O'Hare concluded Artur Jozef Swierzbinski should be certified for extradition to Poland. In so concluding, Magistrate Judge O'Hare ruled, inter alia, that the crime for which extradition was sought—the beating and robbing of Wojciech Dabrowski—was covered by the United States' extradition treaty with Poland.

Contesting only that narrow issue, Swierzbinski filed the instant 28 U.S.C. § 2241 petition for habeas corpus relief in the United States District Court for the District of Kansas. *See Fernandez v. Phillips*, 268 U.S. 311, 312 (1925) (holding that habeas corpus review is available in extradition proceedings only to examine whether (1) the magistrate had jurisdiction, (2) the offense is covered by the governing treaty, and (3) there was any evidence warranting a finding that there was reasonable grounds to believe the accused guilty). In particular, Swierzbinski alleged the extradition treaty's requirement of dual criminality was not satisfied because Poland was not seeking his extradition based on his underlying criminal conduct, but instead based on his violation of probation. *Cf. Peters v. Egnor*, 888 F.2d 713, 718 (explaining doctrine of dual criminality).

The district court rejected as both factually and legally inaccurate Swierzbinski's contention that the basis for Poland's extradition request did not satisfy the treaty's dual criminality requirement. As a factual matter, the district

court noted that Poland's extradition request sought Swierzbinski's return "in order to execute the adjudicated penalty of imprisonment" (i.e., suspended sentence) on Swierzbinski's underlying criminal conviction. The district court also noted that Swierzbinski's dual criminality contention failed as a matter of law, given that the United States Supreme Court had squarely rejected previous attempts to create a disconnect between violations of parole and reimposition of a suspended sentence. *Alabama v. Shelton*, 535 U.S. 654, 662 (2002) ("A suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered, the defendant is incarcerated not for the probation violation, but for the underlying offense.").

Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and undertaking de novo review,[1] this court **affirms** the district court's denial of habeas relief. In analyzing whether the dual criminality doctrine was satisfied, the district court quite correctly looked to the crime underlying Swierzbinski's sentence of imprisonment (i.e, the serious beating of an individual for the purpose of robbing him of a leather jacket), rather than focusing on the irrelevant fact that the sentence was reinvigorated by Swierzbinski's violation of the terms of his parole. *Shelton*, 535 U.S. at 662; *see also United States v. Lazerman*, No. 98-50339, 1999 WL 542876, at *2 (9th Cir. July 26, 1999) (rejecting argument nearly identical to

---

[1] *Peters v. Egnor*, 888 F.2d 713, 718 (10th Cir. 1989) ("Whether dual criminality is satisfied is a purely legal question to be reviewed de novo." (quotation omitted)).

-3-

the one advanced by Swierzbinski and holding that "[p]arole and probation are part of the original sentence and revocation of parole or probation is regarded as reinstatement of the sentence for the underlying crime, not as punishment for the conduct leading up to the revocation" (quotation omitted)). Because Swierzbinski's contention as to dual criminality fails as a matter of law, Magistrate Judge O'Hare correctly issued a certificate of extraditability and the district court correctly denied Swierzbinski's § 2241 habeas petition. The order of the district court is hereby **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge