**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-7620

ZHENLI YE GON,

Petitioner – Appellant,

v.

FRANK E. DYER, III, Superintendent of the Central Virginia
Regional Jail; GERALD S. HOLT, U.S. Marshal for the Western
District of Virginia; JOHN F. KERRY, U.S. Secretary of
State,

Respondents – Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.   Glen E. Conrad, Chief
District Judge. (7:15-cv-00462-GEC-RSB)

Argued:  May 12, 2016                Decided:  June 10, 2016

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Gregory Stuart Smith, GREGORY S. SMITH, ATTORNEY AT LAW,
Washington, D.C., for Appellant.  William Andrew Glaser, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.
**ON BRIEF:** John C. Lowe, JOHN LOWE, P.C., Bethesda, Maryland;
Ning Ye, LAW OFFICE OF NING YE, Flushing, New York, for
Appellant.   Leslie R. Caldwell, Assistant Attorney General,
Sung-Hee Suh, Deputy Assistant Attorney General, Appellate
Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C.; John P. Fishwick, Jr., United States Attorney,

Charlene Day, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia; John Chadwick Johnson, FRITH ANDERSON & PEAKE, PC, Roanoke, Virginia, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Seeking release from custody and to prevent his extradition to face criminal prosecution in Mexico, Zhenli Ye Gon petitioned the district court under 18 U.S.C. § 3188 and 28 U.S.C. § 2241. Following briefing and oral argument, the court summarily dismissed the petition (in its amended form) with prejudice. Ye Gon now appeals. We affirm.

I

Ye Gon was taken into custody in 2007 to face a federal drug charge, but the United States eventually dismissed the charge. Before the dismissal, however, Mexico requested Ye Gon's extradition pursuant to a treaty to prosecute him on charges of organized crime; unlawful firearm possession; money laundering; diversion of essential chemicals; and drug importation, transportation, manufacturing, and possession. In February 2009, a magistrate judge certified that Ye Gon is extraditable under the treaty.

This is Ye Gon's second habeas petition, the first having come before us in 2014. We affirmed the denial of that petition. See Ye Gon v. Holt, 774 F.3d 207 (4th Cir. 2014), cert. denied, 135 S.Ct. 2859 (2015). Our decision and the denial of certiorari review by the Supreme Court cleared the way for the United States to proceed with extradition, but at that time the State Department had not finally determined whether Ye Gon should be

extradited. See generally id. at 210 ("If the extradition judge determines that the fugitive is extraditable, he must send his certification of extraditability to the Secretary of State, who has the final executive authority to determine whether to extradite the fugitive.").

After resolution of the first habeas proceeding, Ye Gon filed this petition seeking (among other things) immediate discharge from custody pursuant to § 3188. That statute generally provides that if the United States does not extradite within two calendar months after committing a person for rendition to a foreign government, a judge "may order the person so committed to be discharged out of custody, unless sufficient cause is shown to such judge why such discharge ought not to be ordered."

Several weeks later, while the petition was pending, the State Department authorized Ye Gon's extradition. In a letter dated September 21, 2015, the State Department official explained (in part) that Ye Gon's extradition is not barred by the Convention Against Torture ("CAT"), which generally prohibits the return of an individual to a country where substantial grounds exist for believing that he would be in danger of being tortured.

In response to the State Department's authorization, Ye Gon filed an emergency motion for stay of extradition. Additionally,

4

he twice amended his habeas petition. Ultimately, Ye Gon presented five claims for the district court to consider: (1) he should be discharged from custody under § 3188; (2) he should be granted CAT relief because he will be tortured or killed if he is extradited; (3) the State Department's extradition decision deprives him of due process; (4) any limitation of his ability to have judicial review of his torture claim violates the Suspension Clause of the United States Constitution; and (5) the Secretary of State illegally delegated the extradition decision to a Deputy Secretary of State. The parties briefed and/or orally argued the merits of these claims in connection with the court's consideration of Ye Gon's stay motion.

Thereafter, the district court summarily dismissed Ye Gon's amended petition. Additionally, the court denied Ye Gon's motion for a stay; however, the court granted a 7-day stay to allow time to file an appeal. In a memorandum opinion accompanying the order, the court addressed the merits of Ye Gon's claims.[1]

The district court first considered Ye Gon's request for discharge pursuant to § 3188. Initially, the court found that the request could be denied because it was premature. In the court's view, the § 3188 two-month period began to run on

---

[1] The court explained that the parties' extensive arguments about the merits of the claims made the petition ripe for disposition.

5

February 9, 2011, when a magistrate judge found Ye Gon to be extraditable and issued a commitment order; the period was tolled on February 10, 2011, when Ye Gon filed his first habeas petition; and it remained tolled until July 7, 2015, when we issued our mandate from his prior appeal. Based on this, the court concluded that the two-month period did not expire until September 7, 2015, several days after Ye Gon filed this petition.

Despite its conclusion that the petition was premature, the district court did not actually rule on that ground. Instead, the court concluded that sufficient cause had been shown to deny the request for discharge on the merits. The court noted that the State Department's decision was made, at most, nine days after the two-month period expired, and it found "no evidence in the record that the State Department has been anything less than diligent in its consideration of the extensive materials Ye Gon has submitted in support of his multi-part claim, that if extradited to Mexico, he will be at risk of torture and/or death." J.A. 303. The court explained that the Secretary of State's decision was "complex" and involved review of "court documents, expert testimony, and thousands of pages of materials Ye Gon submitted during the court proceedings in which he challenged his extradition on many grounds other than the risk of torture." Id. at 303, 304. The court also determined that Ye

6

Gon was not prejudiced by the asserted brief delay beyond the two-month deadline and the charges against Ye Gon are serious. The court stated: "[N]o useful purpose is served in discharging Ye Gon after nearly seven years of extradition litigation, only to face the potential for that extradition process to begin anew." Id. at 304.

The district court next turned to Ye Gon's claim that he will be tortured and/or killed if extradited. Ye Gon conceded, and the court concluded, that our decision in Mironescu v. Costner, 480 F.3d 664 (4th Cir. 2007), prevented it from considering the claim. In Mironescu, we interpreted CAT and the Foreign Affairs Reform and Restructuring ("FARR") Act (which implements CAT) and held that "courts may consider or review CAT or FARR Act claims as part of their review of a final removal order, [but] they are otherwise precluded from considering or reviewing such claims." Id. at 674.

The district court then considered Ye Gon's contention that he was denied due process by the manner in which the State Department has reviewed and decided his case, including its refusal to allow his counsel to present his claim in person and its issuance of a letter decision which he contends is unconstitutionally vague. The court rejected this claim, finding in pertinent part that "Ye Gon received the extent of the procedural protection contemplated by Congress under the

7

statutes at issue: consideration and an executive decision on the CAT claim before the surrender warrant was issued." J.A. 308. For support, the court relied on Peroff v. Hylton, 563 F.2d 1099, 1102 (4th Cir. 1977), in which we noted that "matters involving extradition have traditionally been entrusted to the broad discretion of the executive," and the "need for flexibility in the exercise of Executive discretion is heightened in international extradition proceedings which necessarily implicate the foreign policy interests of the United States." Applying those general principles in Peroff, we rejected the claim that due process requires a "'fair hearing' before the Secretary of State on the propriety of . . . extradition." Id.

Next, the district court addressed and rejected Ye Gon's claim that the Suspension Clause prohibits courts from applying the FARR Act so as to preclude consideration of his torture claim.[2] Citing Fernandez v. Phillips, 268 U.S. 311 (1925), the court noted that habeas review in the extradition context has traditionally been limited to determining whether: (1) the court has jurisdiction over the petitioner, (2) the extradition

_____

[2] The Suspension Clause (Art. I, § 9, cl. 2) specifies that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

request falls within the scope of the treaty, and (3) the foreign charge is supported by probable cause. The court found that "Ye Gon has clearly had the full benefit of habeas review of the extradition request under this standard." J.A. 310. The court also relied on Munaf v. Geren, 553 U.S. 674 (2008), in which the Supreme Court rejected the habeas petitioner's claim that he faced torture if transferred to Iraqi custody for criminal prosecution. The Munaf Court explained that "[s]uch allegations are of course a matter of serious concern, but in the present context that concern is to be addressed by the political branches, not the Judiciary." Id. at 700.

Finally, the district court considered Ye Gon's claim of improper delegation of authority by the Secretary of State. The court found this claim to be "without merit" because the "delegation of authority from the Secretary does not appear to be inconsistent with the regulations or the statutes, and falls within the statutory provision empowering the Secretary to make appropriate delegations." J.A. 312-13.

II

On appeal, Ye Gon challenges the district court's ruling on four of the five claims presented below, and he also raises

9

several new claims for the first time.[3] Initially, we note that because Ye Gon does not contend that the court erred in dismissing his improper delegation of authority claim, we need not consider that claim. See Brief of Appellant, at 9 n.4 (noting that the delegation issue "is not advanced here"). Moreover, although Ye Gon continues to press his torture claim, he concedes (as he did below) that we are bound to reject the claim under Mironescu. Further, applying the settled rule of this Court, we decline to consider the new claims Ye Gon has raised on appeal. See In re Under Seal, 749 F.3d 276, 285 (4th Cir. 2014) (explaining that we do not consider issues raised for the first time on appeal absent exceptional circumstances).

That leaves for resolution three claims, which we have carefully reviewed. We hold that the district court did not abuse its discretion by denying Ye Gon's § 3188 request for discharge from custody. The court applied the correct legal principles and adequately explained its rationale, and we are satisfied that it did not commit a clear error of judgment. See United States v. Cowley, 814 F.3d 691, 698 (4th Cir. 2016) (explaining abuse of discretion standard of review). We further hold that the court did not err by dismissing the due process

---

[3] After Ye Gon filed this appeal, we granted his motion for stay pending appeal.

10

and Suspension Clause claims. As to these claims, we rely substantially on the court's reasoning, see J.A. 308-11 (pertinent portion of district court order), which we have briefly summarized above.

For these reasons, we affirm the final order of the district court dismissing Ye Gon's claims.

AFFIRMED