NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFREDO RAMON CERDA, <br><br> Petitioner - Appellant, <br><br> v. <br><br> W. Z. JENKINS II, Warden, MDC; DAVID M. SINGER, U.S. Marshal for the Central District of California, <br><br> Respondents - Appellees. | No. 23-4357 <br><br> D.C. No. 2:22-cv-07586-CAS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted June 4, 2025**
Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

Alfredo Ramon Cerda appeals the district court's denial of his petition for a

writ of habeas corpus, which challenged an order certifying his extradition to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mexico. Cerda now concedes that our recent decision in *Martinez Santoyo v. Boyden* has foreclosed his argument that the U.S.-Mexico Extradition Treaty's "lapse of time" provision incorporates the Sixth Amendment right to a speedy trial. 130 F.4th 784, 791 (9th Cir. 2025). Accordingly, he contests only the extradition court's determination of probable cause. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

"We review de novo the district court's denial of a habeas petition in extradition proceedings." *Rana v. Jenkins*, 113 F.4th 1058, 1063 (9th Cir. 2024) (quoting *United States v. Knotek*, 925 F.3d 1118, 1124 (9th Cir. 2019)). We will affirm the extradition court's probable-cause determination "if there is any competent evidence in the record to support it." *Manta v. Chertoff*, 518 F.3d 1134, 1143 (9th Cir. 2008); *see Fernandez v. Phillips*, 268 U.S. 311, 312 (1925) ("[H]abeas corpus is available only to inquire whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.").

Competent evidence supports the extradition court's determination that there was probable cause to believe that Cerda committed the offenses for which extradition was certified. At least seven people testified to Cerda's alleged sexual abuse and threats, including four children, who described their abuse in detail.

Psychologists determined that the children "ha[d] been psychologically affected and require[d] psychological treatment." Mexican authorities searched Cerda's residence and found various firearms, one of which a child identified as the firearm Cerda had used to threaten her.

Contrary to Cerda's contention, the extradition court did not merely "wield a rubber stamp" and defer to the Mexican court in assessing probable cause. It appropriately deferred to the Mexican court's reasonable legal interpretation of the relevant Mexican offenses. *Cf. Sainez v. Venables*, 588 F.3d 713, 717 (9th Cir. 2009). But it then independently examined the witness testimony and determined that, "[b]ased on the evidence . . . , it is more likely than not that Cerda has committed the charged crimes."

Nor did the extradition court err in declining to evaluate alleged inconsistencies in the statements from the children. "[W]e have rejected the argument that 'inconsistencies preclude a finding of probable cause' because 'weighing the evidence is not a function we perform when we review the [extradition court's] probable cause determination.'" *Manrique v. Kolc*, 65 F.4th 1037, 1044 (9th Cir. 2023) (quoting *Sainez*, 588 F.3d at 718).

**AFFIRMED.**