PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 4/30/96**

TENTH CIRCUIT

---

IN THE MATTER OF THE
EXTRADITION OF CHARLES PHILLIP
SMITH,

      Appellant,

v.

UNITED STATES OF AMERICA,

      Appellee.

No. 95-6244

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CIV-95-507-A)

---

Submitted on the briefs:

Irven R. Box of Box & Box, Oklahoma City, Oklahoma, for Appellant.

Patrick M. Ryan, United States Attorney, H. Lee Schmidt, Assistant United States Attorney, Oklahoma City, Oklahoma, for Appellee.

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

---

TACHA, Circuit Judge.

---

Appellant appeals[1] the district court's denial of habeas relief, 28 U.S.C. § 2241, from the magistrate judge's decision certifying appellant's extraditability, see 18 U.S.C. § 3184, to stand trial for manslaughter in the Republic of Germany.[2] This court will review the district court's legal determinations de novo and its findings of fact for clear error. Theron v. United States Marshal, 832 F.2d 492, 495 (9th Cir. 1987), cert. denied, 486 U.S. 1059 (1988); see also In re Extradition of Howard, 996 F.2d 1320, 1327-28 (1st Cir. 1993). The scope of habeas corpus review of a magistrate judge's extradition order under a treaty with a foreign country is limited to determining whether the magistrate judge had jurisdiction, whether the offense charged is within the treaty, and, by somewhat liberal construction, whether there was any evidence warranting finding that there was a reasonable ground to believe the accused was guilty. Brauch v. Raiche, 618 F.2d 843, 847 (1st Cir. 1980)(citing Fernandez v. Phillips, 268 U.S. 311, 312 (1925)).

Appellant first argues that the evidence presented to the magistrate judge was insufficient to establish probable cause to believe appellant is the individual who committed the crime in question. Upon our careful review of the record, it is clear that there was

[1] A certificate of probable cause is granted.

[2] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

2

sufficient evidence to support a "reasonable belief" that appellant was guilty of the crime charged.  See Austin v. Healey, 5 F.3d 598, 605 (2d Cir. 1993), cert. denied, 114 S. Ct. 1192 (1994).

Appellant's next argument, that extradition would violate his constitutional right to equal protection because under the applicable treaty, Germany can refuse to extradite its citizens, while the United States cannot, is unavailing.  See Escobedo v. United States, 623 F.2d 1098, 1106-07 & 1107 n.26 (5th Cir.), cert. denied, 449 U.S. 1036 (1980) and 450 U.S. 922 (1981).

Lastly, appellant argues that extradition would violate his constitutional right to a fair trial, in light of the permissible use of hearsay statements in German courts.  This court, in reviewing a certification of extraditability, will not inquire into the fairness of the requesting nation's justice system.  In re Extradition of Howard, 996 F.2d at 1329.

> "When an American citizen commits a crime in a foreign country, he cannot complain if required to submit to such modes of trial and to such punishment as the laws of that country prescribe for its own people, unless a different mode be provided by treaty stipulations between that country and the United States."

Yapp v. Reno, 26 F.3d 1562, 1565 (11th Cir. 1994)(quoting Neely v. Henkel, 180 U.S. 109, 123 (1901)).  Therefore, when an American citizen is tried in a foreign country, he is entitled only to the procedural protections accorded by the applicable foreign law, subject to whatever additional protections may be available to him under treaty stipulations between that country and the United States.  Id.

3

The judgment of the United States District Court for the Western District of Oklahoma is, therefore, AFFIRMED.