FILED
United States Court of Appeals
Tenth Circuit

June 28, 2018

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MIRELLA IVONNE AVILA-RAMOS,

     Petitioner - Appellant,

v.

JOHN L. KAMMERZELL, United States
Marshal for the District of Colorado;
KENNETH DEAL, Acting United States
Marshal for the District of Colorado,

     Respondents - Appellees.

No. 17-1014

_____

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:16-CV-01221-WJM-KLM)**
_____

Robert T. Fishman of Ridley, McGreevy & Winocur, P.C., Denver, Colorado, for
Petitioner-Appellant.

J. Bishop Grewell, Assistant United States Attorney (and Robert C. Troyer, United States
Attorney, on the brief), Denver, Colorado, for Respondents-Appellees.
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

**KELLY**, Circuit Judge.
_____

    Petitioner-Appellant Mirella Ivonne Avila-Ramos appeals from the district

court's denial of habeas corpus relief from an extradition certification order. On

appeal, she challenges the magistrate judge's and district court's probable cause rulings. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm because the magistrate judge adequately found probable cause that Ms. Avila-Ramos committed aggravated homicide, the crime identified in the extradition request.

## Background

Ms. Avila-Ramos is wanted for aggravated homicide in Chihuahua, Mexico. Supp. R. 26. According to the warrant for her arrest, Ms. Avila-Ramos plotted with Arturo Heriberto Herrera Rey, her paramour, to murder her husband. Id. at 38. Ms. Avila-Ramos's husband, who had survived an earlier attempt on his life, was on his way to a hospital appointment when he was attacked and killed by a hired gun. Id. at 31, 38. An investigation implicated Ms. Avila-Ramos and Mr. Rey in the hit, and Mr. Rey was convicted of aggravated homicide for his involvement in the crime. Def.'s Ex. B at 32, In re Extradition of Avila-Ramos, No. 1:15-mj-01087-NYW (D. Colo. Oct. 7, 2015), ECF No. 178-1. Now, Mexico requests Ms. Avila-Ramos's extradition from the United States to face charges for her participation in the plot. 4 R. 20–21; Supp. R. 43.

After a hearing, a magistrate judge certified Ms. Avila-Ramos as extraditable. In re Extradition of Avila-Ramos, No. 1:15-mj-01087-NYW (D. Colo. May 6, 2016), ECF No. 181. Among the magistrate judge's findings was that there was sufficient evidence to establish probable cause that Ms. Avila-Ramos committed aggravated homicide. Id. at 16. Ms. Avila-Ramos filed a petition for a writ of habeas corpus

2

challenging the extradition certification order, 1 R. 8, which the district court denied, Avila-Ramos v. Kammerzell, 228 F. Supp. 3d 1196, 1204 (D. Colo. 2017).  In upholding the magistrate judge's probable cause determination, though, the district court characterized Ms. Avila-Ramos's offense as conspiring to murder her husband (rather than as aggravated homicide).  See id. at 1203.

On appeal, Ms. Avila-Ramos argues that (1) a finding of probable cause for conspiring to commit murder does not subject her to extradition for aggravated homicide, the offense identified in the extradition request, and (2) the magistrate judge based her probable cause determination on inadequate evidence.

**Discussion**

Habeas review of a probable cause determination in an extradition proceeding is limited to the narrow issue of "whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." Peters v. Egnor, 888 F.2d 713, 717 (10th Cir. 1989) (quoting Fernandez v. Phillips, 268 U.S. 311, 312 (1925)).  In other words, the petitioner's appeal "must fail if there is 'any evidence of probable cause.'" Id. (quoting Theron v. U.S. Marshal, 832 F.2d 492, 501 (9th Cir. 1987), abrogated on other grounds by United States v. Wells, 519 U.S. 482 (1997)).  On appeal, we "review the district court's legal determinations de novo and its findings of fact for clear error." Smith v. United States, 82 F.3d 964, 965 (10th Cir. 1996).  Here, where the district court made no additional factual findings concerning probable cause, our review of the district court's judgment is purely de

3

novo. See Santos v. Thomas, 830 F.3d 987, 1001 (9th Cir. 2016) ("We review the district court's judgment de novo. In this context, that means that, with respect to the extradition court, we stand in the same position as did the district court." (citation omitted)).

**A.     The Magistrate Judge Found Probable Cause for the Crime Identified in the Extradition Request**

Ms. Avila-Ramos first argues that she is not extraditable because probable cause was not found for the crime identified in the extradition request. The extradition request charges her with aggravated homicide, but she contends that probable cause was found for conspiracy to commit murder, which allegedly constituted an impermissible alteration of the charges underlying the extradition request.

Ms. Avila-Ramos did not raise this argument in her habeas petition to the district court, presumably because the magistrate judge did find probable cause that Ms. Avila-Ramos committed aggravated homicide, the crime identified in the extradition request. See In re Extradition of Avila-Ramos, slip op. at 19 ("This court CERTIFIES to the United States Secretary of State that Respondent Mirella Ivonne Avila Ramos is extraditable for the charged offense of aggravated homicide pursuant to 18 U.S.C. § 3184 . . . ." (emphasis added)). The sole basis for her argument is that the district court inexplicably characterized her offense as conspiring to murder her husband, not as aggravated homicide. See Avila-Ramos, 228 F. Supp. 3d at 1197 ("The United Mexican States ('Mexico') accuse Petitioner Mirella Ivonne Avila-

4

Ramos ('Avila-Ramos') of conspiring to have her husband murdered in Mexico."
(emphasis added)); id. at 1203 (upholding the magistrate judge's finding of probable
cause that Ms. Avila-Ramos committed the offense of "conspiring to murder her
husband" (emphasis added)).

Ms. Avila-Ramos is not entitled to relief, however, simply because the district
court mischaracterized the charge against her. The scope of our review is limited to
the sufficiency of the magistrate judge's order, which we review without deference to
the district court's legal determinations. See Santos, 830 F.3d at 1001; Smith, 82
F.3d at 965. As the magistrate judge unambiguously found probable cause for the
offense identified in the extradition request (aggravated homicide), the charges
contained in the extradition request have not been altered.[1]

## B.      The Magistrate Judge's Probable Cause Determination Was Adequate

Next, Ms. Avila-Ramos contests the adequacy of the magistrate judge's
probable cause determination. She argues that (1) although the government produced
evidence that she conspired to kill her husband, it did not produce any evidence that

---

[1] Ms. Avila-Ramos also invokes the "rule of specialty," stating that it "does
not allow for trial on" charges other than those identified in the extradition request.
Aplt. Br. at 10. The rule of specialty in the extradition treaty between the United
States and Mexico provides that "[a] person extradited under the present Treaty shall
not be detained, tried or punished in the territory of the requesting Party for an
offense other than that for which extradition has been granted." Extradition Treaty
Between the United States of America and the United Mexican States art. 17, Mex.-
U.S., May 4, 1978, 31 U.S.T. 5059. Ms. Avila-Ramos has misapplied the rule, "as it
relates to prosecution rather than extradition." Peters, 888 F.2d at 720 n.9. Whether
Ms. Avila-Ramos's eventual prosecution violates the rule of specialty is for the
Mexican courts to address.

she was directly responsible for her husband's death and (2) the magistrate judge relied on improper evidence, namely the criminal proceedings against Mr. Rey.

The first issue is whether, as a matter of law, the magistrate judge could have found probable cause that Ms. Avila-Ramos committed aggravated homicide from the evidence in the extradition request.[2] Ms. Avila-Ramos argues that the evidence supports, at most, a conspiracy to kill her husband, which is a distinct offense from aggravated homicide. But Ms. Avila-Ramos ignores the fact that conspiring to commit a crime is also a theory of liability for the substantive offense. See United States v. Bowen, 527 F.3d 1065, 1077 & n.10 (10th Cir. 2008) (describing Pinkerton coconspirator liability); see also United States v. Zackery, 494 F.3d 644, 649 (8th Cir. 2007) (holding that a defendant does not need to be charged as a conspirator to be convicted of a substantive offense based on Pinkerton coconspirator liability). The same holds true for aiding and abetting the commission of a crime. See Bowen, 527 F.3d at 1077 & n.10; see also United States v. Day, 700 F.3d 713, 722 (4th Cir. 2012) (ruling that "aiding and abetting is a theory of liability, not a separate offense," and that the rule of specialty in the extradition treaty between the United States and

---

[2] The extradition treaty between the United States and Mexico provides that extradition may be granted only if, according to the laws of the requested country, there would be sufficient evidence to bring the accused to trial if he or she had committed the offense in the requested country. Extradition Treaty art. 3. Accordingly, the relevant inquiry is whether there would be sufficient evidence under U.S. law to bring Ms. Avila-Ramos to trial if she had committed the offense in the United States, the requested country. See Eain v. Wilkes, 641 F.2d 504, 507–08 (7th Cir. 1981) (concluding that nearly identical language in the extradition treaty between the United States and Israel "require[d] a finding of probable cause under federal law").

Mexico does not require the requesting state to specify a particular theory of liability). As a result, the government did not need to produce evidence that Ms. Avila-Ramos was directly responsible for her husband's death; it could produce evidence of coconspirator or aiding and abetting liability instead.

Here, either theory supports the magistrate judge's probable cause determination. The extradition request contains sworn statements from family members, a private investigator, forensics experts, and Mexican law enforcement officers, which together allege that Ms. Avila-Ramos (1) was having an affair with Mr. Rey, who arranged the assassination; (2) paid the gunman by helping him burglarize her husband's house; and (3) reported her husband's whereabouts to Mr. Rey to facilitate the assassination. See 4 R. 20–27; Supp. R. 146–242, 253–61. In short, the request alleges that Ms. Avila-Ramos was part of — and assisted in — an agreement to kill her husband. Consequently, the evidence provides grounds to believe that Ms. Avila-Ramos is liable for her husband's death either as a coconspirator or as an aider and abettor.

The second issue is whether the magistrate judge relied on improper evidence when determining probable cause. When reviewing the sufficiency of evidence in an extradition proceeding, a magistrate judge's role is "to determine whether there is competent evidence to justify holding the accused to await trial, and not to determine whether the evidence is sufficient to justify a conviction." Peters, 888 F.2d at 717 (quoting Collins v. Loisel, 259 U.S. 309, 316 (1922)). Notably, the Federal Rules of Evidence do not apply to extradition proceedings, Fed. R. Evid. 1101(d)(3), and 18

7

U.S.C. § 3190 provides that properly authenticated depositions, warrants, or other papers are admissible evidence. Ms. Avila-Ramos does not challenge the authenticity of the documents in Mexico's extradition request. She argues, however, that the magistrate judge improperly relied on documents from Mr. Rey's trial in Mexico.

In Mr. Rey's trial, the Mexican court found that Mr. Rey and Ms. Avila-Ramos "undoubtedly" conspired to kill her husband. Def.'s Ex. B at 22–23. According to the magistrate judge, this evidence was "the most persuasive support for the finding of probable cause," particularly because the trial was conducted in Spanish, thereby addressing Ms. Avila-Ramos's concerns about translation and reliability issues in the extradition request's documents. In re Extradition of Avila-Ramos, slip op. at 17. Ms. Avila-Ramos likens this evidence to a conviction rendered in absentia and contends that such a conviction should be treated merely as a charge, which does not establish probable cause by itself. Her argument is unavailing, though, for two reasons.

First, her analogy to an in absentia proceeding is inapt. A trial in absentia is a trial held without the accused. Trial In Absentia, Black's Law Dictionary (10th ed. 2014). Mr. Rey was present for his trial, and the Mexican court convicted him, not Ms. Avila-Ramos. Therefore, the proceedings were not in absentia, and the policy reasons for treating them as a charge (rather than as evidence) do not apply. Instead, the proceedings are more accurately categorized as hearsay: they contain out-of-court statements that are being offered for the truth therein, and Ms. Avila-Ramos did not

8

have the opportunity to cross-examine the declarants. As the rule against hearsay does not apply in extradition proceedings, see Fed. R. Evid. 1101(d)(3), the magistrate judge could properly consider the criminal proceedings against Mr. Rey.

Second, Ms. Avila-Ramos's appeal fails if there was any evidence of probable cause, see Peters, 888 F.2d at 717, and the criminal proceedings against Mr. Rey were not the only evidence that the magistrate judge considered. The magistrate judge cited a variety of evidence from the extradition request, including (1) text messages, (2) phone records, and (3) statements of a private investigator, a Mexican law enforcement officer, and Mr. Rey. In re Extradition of Avila-Ramos, slip op. at 15–17. This evidence independently supported the magistrate judge's probable cause finding, and Ms. Avila-Ramos's appeal consequently fails.

AFFIRMED.